UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CARTIVA SYNTHETIC CARTILAGE
IMPLANT PRODUCTS LIABILITY LITIGATION    MDL No. 3172

**TRANSFER ORDER**

**Before the Panel:**\* Plaintiffs in the five actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the District of Maryland or, in the alternative, the Northern District of Illinois. Responding plaintiffs in four potential tag-along actions support centralization in the Northern District of Illinois. Defendant Cartiva, Inc. (Cartiva), opposes centralization. Alternatively, Cartiva suggests centralization in the Eastern District of Arkansas, the Northern District of Georgia, or the District of New Jersey.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact and that centralization in the Eastern District of Arkansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs are individuals that received a Cartiva Synthetic Cartilage Implant (Cartiva SCI), which is a hydrogel implant designed to treat painful arthritis at the base of the big toe. Plaintiffs allege that their Cartiva SCI was defective, that they experienced persistent pain and limited range of motion following implantation, and that they required additional surgery to remove their failed implant and fuse the arthritic joint. All plaintiffs assert claims for strict products liability, negligence, and breach of express and implied warranties. These products liability actions will share common questions of fact regarding (1) causation, (2) Cartiva's SCI testing, (3) the sufficiency of Cartiva's labelling, (4) Cartiva's representations to the FDA during the device approval process, and (5) the circumstances of Cartiva's eventual SCI device recall. With five actions and nine potential tag-along actions pending in seven districts, centralization will serve the convenience of the parties and witnesses, and conserve judicial resources.

Cartiva opposes transfer by arguing that plaintiffs' different injury theories will cause individual factual questions to predominate over common ones and that the parties' ongoing informal coordination obviates the need for centralization. Cartiva incorrectly argues that the plaintiffs allege different injuries. Plaintiffs in all five actions assert that "Plaintiff endured pain and suffering, including, but not limited to failure of the Cartiva SCI, migration of the implant with

---

\* Judges Karen K. Caldwell, Matthew F. Kennelly, and David C. Norton did not participate in the decision of this matter.

swelling and pain, bone loss, [and] loss of mobility which will require additional fusion surgeries." *Connor* Compl. ¶ 86; *Kiel* Compl. ¶ 114; *Phillips* Compl. ¶ 114; *DiDonato* Compl. ¶ 86; *Peachey* Compl. ¶ 126.  We are also unpersuaded that informal coordination is superior to centralization. The parties vigorously dispute the extent to which Cartiva has shared discovery between cases. Centralization will prevent inconsistent rulings on the emerging discovery disputes and otherwise streamline the sharing of discovery by placing all actions before a single judge.

The Eastern District of Arkansas is an appropriate transferee district for this litigation. Relevant evidence and witnesses are likely located nearby in Memphis, Tennessee, where Cartiva's corporate successor Wright Medical Group N.V. was headquartered.  We assign the litigation to Judge Kristine G. Baker, an experienced transferee judge with the willingness and capacity to preside over this litigation.  We are confident that Judge Baker will steer this matter on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Arkansas and, with the consent of that court, assigned to the Honorable Kristine G. Baker for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Roger T. Benitez            Dale A. Kimball
Madeline Cox Arleo

**IN RE: CARTIVA SYNTHETIC CARTILAGE
IMPLANT PRODUCTS LIABILITY LITIGATION**                                MDL No. 3172

## SCHEDULE A

<u>Western District of Kentucky</u>

PHILLIPS v. CARTIVA, INC., C.A. No. 5:25−00185

<u>District of Maryland</u>

CONNOR v. CARTIVA, INC., C.A. No. 8:24−03525

<u>Eastern District of North Carolina</u>

KIEL v. CARTIVA, INC., C.A. No. 5:25−00572

<u>Western District of Pennsylvania</u>

DIDONATO v. CARTIVA, INC., C.A. No. 2:25−00187
PEACHEY v. CARTIVA, INC., C.A. No. 2:25−01217